**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL MINTZ,

      Plaintiff-Appellant,

v.

GARY L. HENMAN, Warden;
FRANCISCO DELMURO, M.D.;
GILBERTO MEJIA; (NFN)
(HAROLD) HARRELL, Assistant
Warden; THOMAS V. (KRAJENKA);
KRAJENTA; TERRY L. CAIN;
JOSEPH M. MENDEZ; THOMAS S.
HYDE; MICHAEL (TALBOT)
TOLBERT; AND GREGORY G.
HOUGH,

      Defendants-Appellees.

No. 97-3081
(D.C. No. 93-CV-3535-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Michael Mintz, a federal prisoner, appeals the district court's entry of summary judgment in favor of defendants on his civil rights claims.  Plaintiff concedes that, in responding to defendants' motion, he did not come forward with evidence demonstrating a genuine issue of material fact.  See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (discussing standard for evaluating merits of a summary judgment motion).  He asserts, however, that the district court erred in granting summary judgment in spite of his request for additional time to conduct discovery, pursuant to Fed. R. Civ. P. 56(f).[1]  After reviewing the district court's ruling for abuse of discretion, see International Surplus Lines Ins. Co. v. Wyoming Coal Ref. Sys. Inc., 52 F.3d 901, 904 (10th Cir. 1995), we affirm.

---

[1]     Rule 56(f) provides:

**(f) When Affidavits are Unavailable**.  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed R. Civ. P. 56(f) allows a party opposing a motion for summary judgment to seek deferral of a ruling pending discovery of essential facts. See Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1521-22 (10th Cir. 1992). The rule is not "invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir. 1986). A party requesting additional time must provide an affidavit "identifying the probable facts that are not available," listing the steps "taken to obtain these facts," and explaining "how additional time will enable him to rebut movant's allegations of no genuine issue of fact," Committee for the First Amendment, 962 F.2d at 1522 (quotation omitted). "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." Id. (quotation omitted). If the party seeking deferral has been dilatory, "no extension will be granted." Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1554 (10th Cir.1993).

Here, defendants filed their summary judgment motion on March 5, 1996. Acting pro se, plaintiff responded on March 21 with conclusory statements unsupported by any evidentiary matter. At a pretrial hearing held April 17, plaintiff indicated that no further discovery was necessary. On August 16, 1996,

-3-

an attorney entered his appearance for plaintiff and asked for the court's permission to submit an out-of-time response to the summary judgment motion. The district court granted the request. On the December 9, the attorney filed a memorandum opposing the motion. The memorandum disputed defendants' version of certain material facts, but noted that plaintiff could not yet produce opposing affidavits and asked for "a continuance to permit affidavits to be obtained or discovery to be taken as envisioned by Rule 56(f)." Appellant's App. at 112, 113, 114. No affidavit accompanied the memorandum.

"[C]ounsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f) and results in a waiver." Committee for the First Amendment, 962 F.2d at 1522. Moreover, even if plaintiff's counseled memorandum may be construed as the requisite affidavit, the submission does not meet the requirements of Rule 56(f). For instance, the memorandum provides no information on the steps plaintiff had already taken to obtain discovery. Finally, the record reflects that plaintiff was dilatory. He made no attempt to obtain discovery, even during the four-month period between counsel's entry of appearance and the filing of the memorandum.

Under the circumstances, the district court did not abuse its discretion in denying plaintiff's Rule 56(f) motion. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge